UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS J. QUEEN, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-05-2504 |
| FEDERAL BUREAU OF PRISONS, | : (Judge Conaboy) |
| Respondent | : |

_____

## MEMORANDUM AND ORDER
### Background

Nicholas J. Queen, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. By Order dated September 19, 2005, the matter was transferred to this Court. Along with his petition, Queen has submitted a request for leave to proceed in forma pauperis. For the reasons set forth below, Petitioner's action will be dismissed as a successive petition.

Named as sole Respondent is the Federal Bureau of Prisons (BOP). Queen's present petition is the latest in a series of challenges to the legality of his ongoing federal incarceration. His present action primarily addresses Petitioner's contention that federal prison officials prevented his attempts to satisfy the

1

administrative exhaustion requirement.  Queen's claim of entitlement of federal habeas corpus relief is summarized as follows:

> his April 24, 1995 transfer to federal prison was unlawful because federal prison officials violated his judgment and committment [sic] order, and devested [sic] themselfves [sic] of the power to enforce the remainder of the federal term by surrendering him to the State of Maryland on December 16, 1994 for service of a consecutive state sentence ...

Doc. 1, p. 2.

By way of background, the Petitioner was sentenced to a two (2) year term of incarceration by a Maryland state court in 1993. Later that same year, he was charged in an eight (8) count federal indictment relating to his participation in armed and unarmed bank robberies.  Following a jury trial in the United States District Court for the District of Maryland, Queen was found guilty of federal bank robbery charges and sentenced to a five hundred and sixty-two (562) month term of incarceration.  See United States v. Queen, 73 F. 3d 359 (D. Md. 1995).

Rather than being returned to the custody of Maryland state officials upon completion of his federal prosecution, the Petitioner was mistakenly transferred to USP-Lewisburg on October 24, 1994 for the purpose of serving his federal sentence.  Queen was returned to the custody of the State of Maryland on December 16, 1994 in order to finish service of his previously imposed state sentence.  Following completion of his state sentence, Queen was transferred back into federal custody on April 24, 1995.

In conclusion, Queen's present habeas corpus petition seeks his immediate release on the grounds that his ongoing federal sentence was improperly altered by the BOP when he was returned to Maryland state custody.

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

>   (a) No circuit or district judge shall be required
> to entertain an application for writ of habeas
> corpus to inquire into the detention of a person
> pursuant to a judgment of a court of the United
> States if it appears that the legality of such
> detention has been determined by a judge or court of
> the United States on a prior application for writ of
> habeas corpus and the petition presents no new
> ground not heretofore presented and determined, and
> the judge or court is satisfied that the ends of
> justice will not be served by such inquiry.

The Supreme Court in <u>McCleskey</u> expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

>   A petitioner may abuse the writ by failing to raise
> a claim through inexcusable neglect.  Our most
> recent decisions confirm that a petitioner can abuse
> the writ by raising a claim in a subsequent petition
> that he could have raised in his first, regardless
> of whether the failure to raise it earlier stemmed
> from a deliberate choice.

<u>McCleskey</u>, 499 U.S. at 489.

Following the 1996 amendments, Section 2244(b)(2) now provides:

>   (2)  A claim presented in a second or successive habeas
>        corpus application under section 2254 that was not
>        presented in a prior application shall be
>        dismissed unless–
>
>        (A)  the applicant shows that the claim relies on
>             a new rule of constitutional law made
>             retroactive to cases on collateral review by
>             the Supreme Court, that was previously
>             unavailable, or
>
>        (B)  (i)  the factual predicate for the claim
>             could not have been discovered previously
>             through the existence of due diligence; and
>
>             (ii) the facts underlying the claim, if
>             proven and viewed in the light as a whole,
>             would be sufficient to establish by clear and
>             convincing evidence that, but for
>             constitutional error, no reasonable fact

4

              finder would have found the applicant guilty of the underlying offense.

        (3) (A) Before a second or successive application permitted by this section is filed in the district court.  The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Queen previously asserted similar, if not identical, claims in numerous actions before this Court.  His previous filings included both unsuccessful federal habeas corpus petitions, <u>See Queen v. Romine</u>, Civil No. 3:CV-98-2074, slip op. (M.D. Pa. Jan. 21, 2000)(Conaboy, J.) and civil rights actions which were summarily dismissed, <u>See</u> <u>Queen v. Booth</u>, Civil No. 3:CV-02-0610 (M.D. Pa. May 10, 2002)(Conaboy, J.).  Furthermore, a § 2241 action by Petitioner which asserted the same claim as his present matter was previously dismissed by this Court as a successive petition.  <u>See</u> <u>Queen v. Scott Dodrill</u>, Civil No. 3:CV-03-290, slip op. (M.D. Pa. Feb. 27, 2003)(Conaboy, J.).

It is apparent that Queen is now attempting to bypass the unsuccessful results from his prior federal actions by reasserting those same allegations in the United States District Court for the District of Columbia.  For example, a civil rights action by Queen which asserted similar claims and sought the same relief as the present petition was recently transferred to this Court from the District Court for the District of Columbia.  The action was summarily dismissed.  <u>See</u> <u>Queen v. Federal Bureau of Prisons</u>, Civil No. 3:CV-05-2378, slip op.  (M.D. Pa., Nov. 29, 2005)(Conaboy, J.).

Based on this Court's review of the pending habeas petition,

5

it is similar in all respects to prior unsuccessful habeas petitions filed by Queen with this Court. Petitioner has failed to show that his instant claim falls within the statutory exceptions outlined above.  Moreover, there is no indication that Queen applied for and was granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit.  Consequently, under the requirements set forth in § 2244(b)(2), the instant petition cannot be entertained by this Court.  An appropriate Order will enter.

AND NOW, THEREFORE, THIS 12th DAY OF DECEMBER, 2005, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted leave to proceed <u>in forma pauperis</u> for the sole purpose of the filing of this action.
2. The petition for writ of habeas corpus is dismissed as a successive petition.
3. The Clerk of Court is directed to close the case.
4. Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealbility

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge